UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROOR INTERNATIONAL BV, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03959-SEB-DML |
| | ) | |
| MUNCIE PETROLEUM INC | ) | |
| d/b/a PHILLIPS FOOD MART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT MUNCIE PETROLEUM, INC.**

Plaintiffs RooR International BV ("RooR International") and Sream, Inc.

("Sream") filed this action against Defendant Muncie Petroleum, Inc. ("Muncie

Petroleum") alleging claims for trademark infringement, counterfeiting, and false

designation of origin/unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

Muncie Petroleum filed no answer to the complaint or other responsive pleading nor

defended this action in any way.  A Clerk's default was entered against Muncie Petroleum

on May 6, 2019.  Now before the Court is Plaintiffs' Motion for Default Judgment [Dkt.

25] as to Muncie Petroleum.  For the reasons detailed below, Plaintiffs' motion is

GRANTED.  Plaintiffs are awarded statutory damages and injunctive relief as set forth

below.

**Facts Established by the Complaint**

The following facts are set forth in the Complaint and taken as true in light of the

entry of default.

1

RooR is a designer and manufacturer of glass products for smokers and is widely recognized and acclaimed for its products, including its borosilicate jointed-glass water pipes, parts, and related accessories.  RooR has received numerous awards for its glass products and has a significant following among consumers in the United States based on the quality and innovation of its designs.  Compl. ¶¶ 9–10.  Since at least August 2013, Sream has been the exclusive licensee of the RooR trademark in the United States.  *Id.* ¶ 13.  Pursuant to the trademark licensing agreement, Sream has manufactured water pipes under the RooR trademarks and also advertises, markets, and distributes water pipes, water pipe parts, and other smoker's articles in association with the RooR trademarks. Sream performs these activities with RooR's consent and approval and in accordance with RooR's strictly enforced policies.  *Id.* ¶ 15.

RooR owns several federally registered and common law trademarks, including, *inter alia*, the following:

a. U.S. Trademark Registration Number 3,675,839 for the word mark "RooR" and its logo in association with goods further identified in registration in international class 034.
b. U.S. Trademark Registration Number 2,307,176 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international classes 025 and 034.
c. U.S. Trademark and Registration Number 2,235,638 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international class 021.
d. Common law and unregistered state law rights in the following variants of the RooR marks:



*Id.* ¶ 12.

RooR, in collaboration with Sream, has spent substantial time, money, and effort developing consumer recognition and awareness of the RooR trademarks. Through the extensive use of the mark, Plaintiffs have developed significant goodwill in the entire RooR product line. The RooR product line is advertised in a wide array of websites, magazines, and specialty shops and is easily identifiable. *Id.* ¶ 19.

The superior quality of RooR products compared to other glass products on the market is readily apparent both to consumers and industry professionals. As a result, consumers are willing to pay higher prices for RooR products. For example, a RooR-branded 45-centimeter water pipe retails for $300 or more, while a non-RooR product of equal size typically sells for less than $100. *Id.* ¶ 20.

Defendant Muncie Petroleum has engaged in the unlawful manufacture, retail sale, and/or wholesale sales of counterfeit RooR-branded water pipes and related parts in Indiana. Muncie Petroleum has engaged in willful trademark infringement by selling goods with many marks, including those alleged to be trademarks registered to RooR. *Id.* ¶¶ 23, 34–35; Exhibit E to Compl. These infringing acts have caused and are likely to cause confusion, mistake, and deception among consumers regarding the source or origin of the goods sold by Muncie Petroleum as the counterfeit products use images and names identical to or confusingly similar to the RooR marks. *Id.* ¶¶ 28–29, 33.

Plaintiffs filed their complaint in this action on December 17, 2018, alleging claims for trademark infringement, counterfeiting, and false designation of origin/unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* A Clerk's default was entered against Muncie Petroleum on May 6, 2019, based on its failure to answer the

complaint or otherwise defend this action in any way.  Now before the Court is Plaintiffs'

motion for default judgment against Muncie Petroleum.

## Legal Analysis

### I.   Default Judgment

### A.   Liability

As noted above, an entry of default was entered against Muncie Petroleum on May

6, 2019.  Plaintiffs now seek a default judgment against Muncie Petroleum pursuant to

Federal Rule of Civil Procedure 55.  "As a general rule, a default judgment establishes, as

a matter of law, that defendants are liable to plaintiff for each cause of action alleged in

the complaint."  *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir.

1993) (citation omitted).  "Upon default, the well-pleaded allegations of a complaint

relating to liability are taken as true."  *Dundee Cement Co. v. Howard Pipe & Concrete

Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Here, Plaintiffs seek judgment in their favor against Muncie Petroleum for (1)

willful infringement of the RooR trademark in violation of 15 U.S.C. § 1114; (2)

trademark counterfeiting of the RooR trademark in violation of 15 U.S.C. § 1116(d); and

(3) willful trademark infringement (false designation of origin) in violation of 15 U.S.C.

§ 1125(a).  Plaintiffs are seeking statutory damages in the amount of $15,000 for these

violations as well as a permanent injunction restraining and enjoining Muncie Petroleum

and all persons acting in concert or participation with it from infringing upon the RooR

marks.

To prove a trademark infringement claim, including a false designation claim, under the Lanham Act, a plaintiff must show that (1) its marks are distinctive enough to be worthy of protection and (2) the defendant's use of those marks is likely to cause confusion among consumers. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001); *Forum Corp. of N. Am. v. Forum, Ltd.*, 903 F.2d 434, 439 (7th Cir. 1990). In determining if a likelihood of confusion exists, courts consider the following seven factors: (1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree and care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any actual confusion; and (7) the intent of the defendant to "palm off" his product as that of another. *Packman*, 267 F.3d at 643. In addition to these elements, trademark counterfeiting requires proof that the infringing mark "is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

Plaintiffs allege that they design, market, manufacture, and sell high quality glassware under the RooR marks and market their products extensively through print and online advertising. They have expended considerable resources in building the goodwill associated with the well-known and well-recognized RooR marks in connection with their glassware products. Plaintiffs further allege that Muncie Petroleum has sold copies of RooR's glass products bearing an identical, or at the very least, a substantially indistinguishable mark to RooR's registered trademarks that is likely to cause confusion. The Court has reviewed the RooR marks and compared them to the photographs attached as Exhibit E to the Complaint of the products sold by Muncie Petroleum. The logos are,

if not identical, virtually indistinguishable.  These factual allegations, when taken as true, are sufficient to establish Muncie Petroleum's liability for trademark infringement, false designation, and trademark counterfeiting.  Plaintiffs are therefore entitled to a default judgment in their favor on these claims.

### B.    Statutory Damages

We turn next to address the relief to which Plaintiffs are entitled.  "[O]nce the default has been established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks."  *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).  Here, in lieu of actual damages, Plaintiffs have elected to pursue statutory damages for the trademark violations, a right they are entitled to exercise based on Muncie Petroleum's use of a counterfeit mark.  *See* 15 U.S.C. § 1117 (authorizing statutory damages for trademark counterfeiting).  A plaintiff can seek statutory damages between $1,000 and $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed.  15 U.S.C. § 1117(c)(1).  The damages limit increases to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed if the court finds that the defendant acted willfully.  15 U.S.C. § 1117(c)(2).  Plaintiffs assert that Muncie Petroleum's trademark counterfeiting in this case was willful and they seek a statutory damages award of $15,000 for Muncie Petroleum's sale of at least one product bearing a counterfeit RooR trademark.

"A court may attribute willful infringement to a defendant's actions when the defendant 'had knowledge that [its] conduct constituted infringement or where [it] showed a reckless disregard for the owner's rights.'"  *Entertainment One UK Ltd. v.*

*2012Shiliang*, 384 F. Supp. 3d 941, 952 (N.D. Ill. 2019) (citing *Luxottica Grp. S.p.A. v. Li Chen*, No. 16 C 6850, 2017 WL 836228, at *2 (N.D. Ill. Mar. 2, 2017)).  A defendant's knowledge can be inferred from conduct.  *Id.*  Plaintiffs' allegation that Muncie Petroleum acted willfully, or at least with reckless disregard for their rights, is supported by Muncie Petroleum's use of a virtually indistinguishable mark in connection with the sale of copies of the smoker's glass products designed, manufactured, marketed, and sold by Plaintiffs.  Plaintiffs claim that Muncie Petroleum is in the business of selling these glass products and thus knows the actual value of an authentic RooR product but was selling the products bearing the counterfeit trademark for much less.  By failing to defend or otherwise participate in this action, Muncie Petroleum has left Plaintiffs' allegation of willfulness unchallenged.  For these reasons, we find that the factual allegations in Plaintiffs' complaint support a finding that Muncie Petroleum knew of, or was at least intentionally blind to, the counterfeit nature of the glass products it offered for sale and thus acted willfully, triggering the increased statutory damages limit for willful infringement.

The Lanham Act sets parameters for statutory damages as set forth above and provides that the amount of statutory damages for trademark infringement should be "as the court considers just."  15 U.S.C. § 1117.  The statute does not, however, indicate the manner in which courts are to determine a particular damage figure within the applicable statutory range.  Rather, "[c]ourts interpreting section 1117(c) have looked by analogy to case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c)."  *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.*, No. 03 C 4986,

2004 WL 2534378, at *4 (N.D. Ill. Nov. 8, 2004) (citing *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999) ("Cases decided under the Copyright Act, which deals with a similar problem and a similar legislative grant to discretion, afford guidance here.").  In addressing the similar statutory damages scheme under § 504(c), the Seventh Circuit has stated that courts have broad discretion in determining statutory damage amounts and may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future … infringement."  *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991) (citations omitted).  In cases of willful infringement, such as this one, "the statutory damages award may be designed to penalize the infringer and to deter future violations."  *Id.* at 1230.

Here, Plaintiffs seek $15,000 in statutory damages based on Muncie Petroleum's sale of at least one product bearing a counterfeit RooR trademark.  Plaintiffs claim that their actual damages are much higher but are impossible to prove, given the nature of the damage and Muncie Petroleum's failure to provide discovery or otherwise participate in this litigation.  They assert that, given Muncie Petroleum's willful trademark counterfeiting and the certainty that their actual losses far exceed the amount they seek, a total award of $15,000 in statutory damages is just.  Given Muncie Petroleum's willful infringement, its obvious intent to profit from the infringement, and the difficulty associated with assessing or calculating the actual losses suffered by Plaintiffs, we agree that $15,000 in statutory damages, which amount is well below the statutory limit per

counterfeit mark, is both reasonable and necessary to compensate Plaintiffs and to deter any future infringement by Muncie Petroleum.

### C.    Injunctive Relief

Plaintiffs also seek a permanent injunction enjoining Muncie Petroleum from future infringement of the RooR trademarks.  The court has the power to grant injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under [15 U.S.C. § 1125(a), (c), or (d)]."  15 U.S.C. § 1116(a).  Issuance of a permanent injunction is appropriate if (1) the plaintiff has suffered an irreparable injury, (2) the plaintiff has no adequate legal remedy to compensate for that injury, (3) the balance of hardships weighs in the plaintiff's favor, and (4) the public interest would not be disserved if the injunction is issued.  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Upon consideration of these factors, we find it appropriate to permanently enjoin Muncie Petroleum from future infringement of Plaintiffs' trademarks.  The first two factors are clearly satisfied here as Plaintiffs have suffered irreparable injury for which there is no adequate legal remedy in the form of lost goodwill and damage to their reputation and image as purveyors of high-quality glass products.  *See Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001) ("We have clearly and repeatedly held that damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy.").  The balance of hardships also weighs in favor of granting an injunction as Muncie Petroleum is not barred from selling

and profiting from non-infringing smoker's glass products but is prohibited only from selling products infringing on Plaintiffs' trademarks and thereby profiting from Plaintiffs' goodwill.  Lastly, because "the public has an interest 'in knowing with whom they do business,'" *Am. Taxi Dispatch, Inc. v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1008–09 (N.D. Ill. 2008) (quoting *Re/Max N. Cent., Inc.*, 272 F.3d at 433), the public interest is also served by a granting an injunction.

For these reasons, a permanent injunction shall enter against Muncie Petroleum under 15 U.S.C. § 1116(a).[1]  The specific terms of the injunction will be set forth in a separate document combined with the final judgment, pursuant to Federal Rule of Civil Procedure 58.

## II.   Attorney Fees and Costs

Plaintiffs also seek $943.20 in costs, consisting of the filing fee ($400.00), the process server fee ($263.20), and investigative fees ($280.00).  *See* Aff. Supp. Final Default J. ¶ 7.  In Lanham Act cases, costs are awarded as a matter of course.  *See* 15

---

[1] Plaintiffs also request that Muncie Petroleum be required, pursuant to 15 U.S.C. § 1118, to deliver to Plaintiffs for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody, or control bearing any of the RooR marks.  The decision whether to enter such an order is another matter left to the court's discretion.  15 U.S.C. § 1118 ("the court *may* order" that infringing material be delivered up and destroyed) (emphasis added).  However, "when an injunction is entered enjoining the [defendant] from further use of the infringing material, courts have held that the delivery and destruction of such goods may be unnecessary."  *Quidgeon v. Olsen*, No. 10-cv-1168, 2011 WL 98938, at *5 (C.D. Ill. Jan. 11, 2011) (citations omitted).  Further, prior to the entry of such order, the plaintiff is required to provide the United States attorney for this judicial district ten days' notice of the request.  15 U.S.C. § 1118.  Here, because we are issuing a permanent injunction against Muncie Petroleum, and Plaintiffs have not shown that they provided the requisite notice to the United States attorney, we decline to issue such order of destruction at this time.

U.S.C. § 1117(a); Fed. R. Civ. P. 54(d)(1).  However, investigative fees are not

recoverable costs and, in any event, Plaintiffs have not provided any invoice or other

documentation of that expense for our review.  *See Wahl v. Carrier Mfg. Co., Inc.*, 511

F.2d 209, 217 (7th Cir. 1975) (expenses incurred in making investigations "are not

recoverable as costs").  Accordingly, Plaintiffs are entitled to recover only the filing and

process server fees as costs, for a total of $663.20.

 Under 15 U.S.C. § 1117, the court may "in exceptional cases" award reasonable

attorney fees to the prevailing party in a trademark infringement action.  15 U.S.C.

§ 1117(a).  The decision to award attorney fees is also left to the court's discretion.  *TE-*

*TA-MA Truth Found.-Family of URI, Inc. v. World of Church of the Creator*, 392 F.3d

248, 257 (7th Cir. 2004).  Courts in our circuit have found that cases where defendants

willfully violated the Lanham Act constitute "exceptional circumstances" justifying an

award of attorney fees.  *National Collegiate Athletic Ass'n v. Kizzang LLC*, 304 F. Supp.

3d 800, 813 (S.D. Ind. 2018) (citing *MetroPCS v. Devor*, 215 F. Supp. 3d 626, 638 (N.D.

Ill. 2016)); *see also Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 746

(7th Cir. 1985) ("Exceptional cases that would justify an award of attorney fees [under §

1117] are ones in which the acts of infringement can be characterized as malicious,

fraudulent, deliberate, or willful.") (citations omitted).

 For the reasons detailed above, we have found that Muncie Petroleum willfully

violated the Lanham Act.  Likewise, we find this case to be an "exceptional" one

warranting an award of attorney fees.  As such, Plaintiffs are entitled to seek

reimbursement of their reasonable attorney fees if they choose to do so.  In filing such a

request, Plaintiffs' counsel should include proper documentation to support the amount requested.

## III.   Conclusion

For the foregoing reasons, Plaintiffs' Motion for Default Judgment [Dkt. 25] against Defendant Muncie Petroleum, Inc. is <u>GRANTED</u>.  Judgment shall be entered in favor of Plaintiffs and against Defendant in the amount of $15,663.20, with post-judgment interest to accrue thereon in conformance with 28 U.S.C. § 1961.[2]  Entry of final judgment need not be delayed pending an attorney fees request, assuming such will be hereafter advanced by Plaintiffs.

In addition, Defendant Muncie Petroleum, Inc., its agents, employees officers, directors, owners representatives, successor companies, related companies, and all persons acting in concert or participation with it are hereby permanently restrained and enjoined from infringing upon the RooR trademarks with the registration numbers 3,675,839, 2,307,176, and 2,235,638 directly or contributorily, in any manner, including but not limited to:

(a) importing, exporting, manufacturing, producing, reproducing, distributing, circulating, selling, offering to sell, licensing, advertising, promoting, or

---

[2] Final judgment shall also be entered as to Plaintiffs' claims against Defendant Amrinderjit Singh, which were dismissed without prejudice in our May 18, 2020 Order Sustaining in Part and Overruling in Part Plaintiffs' Objection to the Magistrate Judge's Report and Recommendation based on Plaintiffs' failure to perfect service and to respond to the Court's show cause orders.

displaying the counterfeit RooR product identified in the complaint and any other

unauthorized RooR product, counterfeit, copy or colorable imitation thereof; and

(b) assisting, aiding, or attempting to assist or aid any other person or entity in

performing any of the prohibited activities referred to in Paragraph (a) above.

IT IS SO ORDERED.

Date: _____5/27/2020_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jonathan G. Chance
JC LAW OFFICES
jc@jc-law.com